SEYFARTH SHAW LLP
Kamili W. Dawson (SBN 193264) kdawson@seyfarth.com
Althea V. Bovell (SBN 200240) abovell@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
UAL Corporation

E-filing

WDB

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN SPORER, an individual,

    Plaintiff,

    v.

UAL CORPORATION, a corporation, and
DOES ONE through FIFTY, inclusive

    Defendants.

Case No.

CV 08 2835

NOTICE OF REMOVAL TO THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
CALIFORNIA

(San Mateo Superior Court Case No.:  CIV
471456)

(Filed Concurrently with Declaration of
Althea V. Bovell; Certificate of Interested
Parties)

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**

**DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant UAL Corporation hereby files this notice of

removal pursuant to 28 U.S.C. Sections 1441 and 1446, in order to effect the removal of the

above-captioned action, which was commenced in the Superior Court of the State of California

in and for the County of San Mateo, and state that the removal is proper for the following

reasons:

**TIMELINESS OF REMOVAL**

1.    On or about March 25, 2008, Plaintiff Kevin Sporer ("Plaintiff") filed a

Complaint For Damages against Defendant UAL Corporation ("UAL" or "Defendant"), and

DOES 1-50 in the Superior Court of the State of California, County of San Mateo, Case No. CIV

COPY

1  471456. A true and correct copy of the Summons and Complaint filed in the state court are

2  attached collectively as **Exhibit A**.

3      2.     The Complaint for Damages was served on Defendant on May 8, 2008. No other

4  Complaint has been served on Defendant. This Notice of Removal is timely filed as it is filed

5  within thirty (30) days of May 8, 2008, the date of service of the Summons and Complaint for

6  Damages. 28 U.S.C. § 1446(b).

7  **DIVERSITY JURISDICTION**

8      3.     The Court has original jurisdiction of this action under 28 U.S.C. Section

9  1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C.

10  Section 1441(a), as the amount in controversy is in excess of Seventy-Five Thousand Dollars

11  ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

12  **PLAINTIFF'S CITIZENSHIP**

13  Plaintiff is a California Citizen

14      4.     Defendant is informed and believes, that Plaintiff is, and at all times since the

15  commencement of this action has been, a citizen and resident of the State of California. For

16  diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kantor v.*

17  *Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is *prima*

18  *facie* evidence of her domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th

19  Cir. 1994).

20  **DEFENDANT'S CITIZENSHIP**

21  UAL is Not a California Citizen

22      5.     UAL is now, and was at the time of the filing of this action, incorporated in the

23  State of Delaware and has its principal place of business in Illinois. The presence of Doe

24  defendants in this case has no bearing on diversity with respect to removal. See 28 U.S.C. §

25  1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under

26  fictitious names shall be disregarded.").

27

28

2

Notice of Removal to District Court

6.      Pursuant to 28 U.S.C. Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

7.      Defendant is, therefore, not a resident or citizen of the State of California.

## AMOUNT-IN-CONTROVERSY

8.      Plaintiff alleges in the Complaint causes of action for wrongful termination in violation of public policy, breach of implied contract, and breach of implied covenant. (Complaint ¶¶ 15-30). While Defendant denies any liability as to Plaintiff's claims, the amount-in-controversy requirement is satisfied because it is "more likely than not" that the amount-in-controversy exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 95 F. 3d 856, 862 (9th Cir. 1996) (internal citation omitted). Here, the damages requested by Plaintiff "more likely than not" exceed $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. Section 1332(a). Indeed, Plaintiff in the Complaint claims in excess of $500,000.00 in lost earnings, bonuses, job benefits, expenses and emotional distress. (Complaint ¶¶16, 23, 28, 29). Additionally, Plaintiff is seeking punitive damages. (Complaint ¶17 and ¶2 of the Prayer).

In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972). Under Ninth Circuit authority, the district court may consider whether it is "facially apparent" from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may require parties to submit "summary-judgment" type evidence relevant to the amount in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

Here, considered together, the general and special damages sought by Plaintiff, along with the attorneys' fees and punitive damages that might be awarded if Plaintiff prevails, and Plaintiff's representation that his damages are "no less than $500,000," establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

3

1

### A.    General and Special Damages

2    The court must consider claims for general and special damages in evaluating the amount

3    in controversy. *See Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp.

4    1196, 1198 (N.D. Cal. 1998). Plaintiff seeks general and special damages, for, among other

5    things, loss of past and future earnings and benefits, and for emotional distress. (Complaint

6    ¶¶16, 23, 28). Taking this into consideration, in addition to Plaintiff's claim for punitive

7    damages, as well as attorney's fees, as more fully developed below, the amount in controversy

8    exceeds $75,000.00.

9

### B.    Punitive Damages

10    Plaintiff also seeks punitive damages. (Complaint ¶17). This Court must also consider

11    Plaintiff's request for punitive damages. *Davenport v. Mutual Benefit Health and Accident*

12    *Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where

13    recoverable under state law).

14    Defendant is the parent corporation to an international airline. The economic resources

15    of the defendant and the amount of compensatory damages are two of three factors courts

16    consider in arriving at punitive damage awards. *See, e.g., Lane v. Hughes Aircraft Co.*, 22 Cal.

17    4th 405, 417 (2000). *See also State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 427-28

18    (2003) ("The wealth of a defendant cannot justify an otherwise unconstitutional punitive

19    damages award …. That does not make its use [in determining the constitutionality of punitive

20    damage awards] unlawful or inappropriate; it simply means that this factor cannot make up for

21    the failure of other factors….") (internal citations omitted). This factor thus weighs in favor of

22    establishing the amount in controversy.

23    9.    Accordingly, since this action involves citizens of different states and the amount-

24    in-controversy exceeds $75,000.00 the requirements for removal under 28 U.S.C. Sections

25    1332(a) and 1441(a), are satisfied, and this Court has original jurisdiction.

26

### <u>VENUE</u>

27    10.    Venue lies in the Northern District of this Court pursuant to 28 U.S.C. Sections

28    1441(a), 1446(a) and 84(c). This action originally was brought in the Superior Court of the State

4

1  of California, County of San Mateo.  Plaintiff's claims arose out of his employment in San

2  Mateo County, and Defendant is informed and believes that Plaintiff resides in Alameda County.

3  <u>**NOTICE OF REMOVAL**</u>

4        11.    This Notice of Removal will be promptly served on Plaintiff and filed with the

5  Clerk of the Superior Court of the State of California in and for the County of San Mateo.

6        12.    In compliance with 28 U.S.C. Section 1446(a), true and correct copies of all

7  process, pleadings, and orders served in this action are attached hereto.  They are the Summons

8  and Complaint for Damages **(Exhibit A)**, and the Answer to Plaintiff's Complaint for Damages

9  **(Exhibit B)**.

10        WHEREFORE, Defendant prays that this civil action be removed from the Superior

11  Court of the State of California, County of San Mateo, to the United States District Court for the

12  Northern District of California.

13

14  DATED:  June 6, 2008                SEYFARTH SHAW LLP

15

16  By _____

17                      Kamili W. Dawson
                    Althea V. Bovell
                    Attorneys for Defendant
                    UAL CORPORATION

18

19  SF1 28324472.1

20

21

22

23

24

25

26

27

28

5

# EXHIBIT A

MAY-08-2008(THU) 12:50    ONE LEGAL

2008 L,T 01245

(FAX)1+510+873+0984    P 203/041

# SUMMONS
## (CITACION JUDICIAL)



**COPY** SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ENDORSED FILED**
SAN MATEO COUNTY

FEB 2 0 2008

Clerk of the Superior Court
By    R. Montgomery
DEPUTY CLERK

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
UAL COPRPORATION, a corporation, and DOES ONE through FIFTY, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
KEVIN SPORER, an individual

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.    A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO despues de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Mateo Superior Court
400 County Center,
Redwood City, California, 94063

CASE NUMBER
*(Número del caso):*
CIV 4 7 1 4 5 6

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stephen F. Henry, 2625 Alcatraz Avenue, No. 615, Berkeley, California 94705
(510) 898-1883

DATE
*(Fecha)*    MAR 3 5 2008    JOHN C. FITTON    Clerk, by    L. MONTGOMERY    , Deputy
*(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☑ on behalf of (specify): UAL Corporation, a corporation
   under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

## SUMMONS

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.    www.USCourtForms.com

1094550.1:d - 5/8/2008 1:06:02 PM

1  STEPHEN F. HENRY, ESQ.
2  STATE BAR # 142336
3  2625 Alcatraz Avenue, # 615
   Berkeley, California 94705
4  Telephone: (510) 898-1883
   Facsimile (510) 295-2516
5  shenry@SHenrylaw.com
6  Attorney for Plaintiff

**FILED**
SAN MATEO COUNTY

MAR 2 5 2008

Clerk of the Superior Court
By _____
DEPUTY CLERK

7            SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                       COUNTY OF SAN MATEO

9                   UNLIMITED CIVIL JURISDICTION

10  KEVIN SPORER, an individual,        Case No. **CIV 4 7 1 4 5 6**

11            Plaintiff,                **PLAINTIFF'S COMPLAINT FOR**
                                        **DAMAGES FOR**
12        vs.                           1. **Wrongful Termination In**
                                           **Violation of Public Policy;**
13  UAL CORPRORATION, a                 2. **Breach of Implied Contract**
    corporation, and DOES ONE through FIFTY,  3. **Breach of Implied Covenant**
14  inclusive,
                                        **AND DEMAND FOR JURY TRIAL**
15            Defendants.

16

17        Plaintiff Kevin Sporer ("Plaintiff"), for causes of action against defendant UAL

18  Corporation, and Does One through Fifty, inclusive, alleges in this Complaint for Damages

19  ("Complaint") as follows:

20                          **THE PARTIES**

21        1.    Kevin Sporer is and at all relevant times to this litigation has been a resident of

22  the County of Alameda.

23        2.    Defendant UAL Corporation ("Defendant") is a corporation organized and

24  existing pursuant to the laws of the State of Delaware.

25        3.    Plaintiff is ignorant of the true names and capacities of the defendants sued in this

26  litigation as Does One through Fifty, inclusive and, as a result, sues these defendants by these

27  fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of

28  these defendants once they have been ascertained. Plaintiff is informed and believes and

COMPLAINT FOR DAMAGES              1          SUPERIOR COURT CASE NO

thereupon alleges that each of the fictitiously named defendants is in some manner responsible for the injuries and damages to Plaintiff alleged in this litigation.

4.    Plaintiff is informed and believes and thereupon alleges that at all times relevant to this litigation, defendants, and each of them, were the agents, servants, and employees of their codefendants, and that these defendants, in doing the things mentioned in this Complaint, were acting within the course and scope of their authority as such agents, servants, and employees, and were acting with the permission and consent of their codefendants.

## JURISDICTION AND VENUE

5.    Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 4 above.

6.    Jurisdiction over the defendants, and each of them, exists because each of the defendant entities named in this litigation are present and operating within the jurisdictional limits of the County of San Mateo, and each of the individual defendants named in this litigation are employed within the jurisdictional limits of the County of San Mateo.  Subject matter jurisdiction within the Unlimited Division of the Superior Court exists because the amount in dispute exceeds $25,000.

7.    Venue is proper because the employment relationship between Plaintiff and defendants, and each of them, that gave rise to some of the claims in this litigation existed within this judicial district and most or all of the acts and omissions complained of in this litigation took place here.  Venue is also proper because most or all of the acts and omissions that occurred outside of the above employment relationship and are complained of in this litigation took place within this judicial district.

## FACTUAL ALLEGATIONS

8.    Plaintiff was employed by Defendant for 20 years.

9.    Plaintiff involuntarily received an email from a friend.  Knowing, and later fully acknowledging, that emails can be risky to open at work, he forwarded the email to his home without opening it and emailed his friend to request that the friend refrain from emailing him at work.

10.    Defendant discovered the forwarding of the email through intrusive monitoring of employees' emails.

11.    Defendant conducted a hasty and incomplete investigation.

12.    Defendant then terminated Plaintiff, citing provisions of its rules and regulations which were inapplicable to the alleged violation by Plaintiff.

13.    In terminating Plaintiff, Defendant violated several of its own rules and regulations regarding progressive discipline and termination.

## FIRST CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against Defendant UAL and Does One through Fifty)

14.    Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 13 above.

15.    Plaintiff alleges that Plaintiff's termination was wrongful because it was in violation of the public policy of the State of California in that Plaintiff's termination was in violation of Plaintiff's constitutional right to privacy.

16.    As a direct, foreseeable, and proximate result of defendant's wrongful termination of Plaintiff in violation of the public policy of the State of California, Plaintiff has lost and will continue to lose income and benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort all to Plaintiff's damage, in excess of $250,000, the precise amount of which will be proven at trial.

17.    Because the acts taken toward Plaintiff were carried out by, condoned by and or ratified by managerial employees or managing agents acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage Plaintiff, Plaintiff requests the assessment of punitive damages against Defendant in an amount appropriate to punish and make an example of Defendant.

## SECOND CAUSE OF ACTION

## BREACH OF IMPLIED CONTRACT OF EMPLOYMENT

### (Against Defendant UAL and Does One through Fifty)

18.     Plaintiff incorporates by reference paragraphs 1 to 17 inclusive of this Complaint as if fully set forth.

19.     Plaintiff was employed with Defendant under a contract that was partly written, partly oral, and partly implied.

20.     The terms of the contract relied on by Plaintiff included but were not limited to:

1.  Written personnel policies which provided that:

    a.  If an employee was accused of violating certain rules, the employee would be disciplined in accordance with defendant employer's progressive disciplinary steps;

    b.  Employees would be treated fairly and in accordance with the laws of the State of California;

2.  Plaintiff had a contract of employment for so long as Plaintiff performed Plaintiff's job in a satisfactory manner, and demotion or discharge could only be for good cause proven and then would be carried out only in accordance with the stated written policies of Defendant.

21.     Defendant breached its contract with Plaintiff by:

    i. Refusing to give Plaintiff the opportunity to succeed at Plainiff's job;

    ii. Failing to treat Plaintiff in accordance with Defendant's stated policies;

    iii. Terminating Plaintiff in breach of the promises made to Plaintiff;

    iv. Terminating Plaintiff without following Defendant employer's policies and practices

22.     Defendant has refused and continues to refuse to allow Plaintiff the benefits of the employment contract and to perform under this contract in the agreed on manner.

23.     As a direct, foreseeable, and proximate result of Defendant's breach, Plaintiff has

suffered and continues to suffer substantial losses in earnings, bonuses, and job benefits, and expenses incurred in the search for comparable employment in an amount not less than $500,000, the precise amount of which will be proven at trial

24.    WHEREFORE, Plaintiff demands judgment against Defendant and Does One through Fifty, and each of them, as set forth in this Complaint.

## THIRD CAUSE OF ACTION

## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

### (Against Defendant UAL and Does One through Fifty)

25.    Plaintiff incorporates by reference paragraphs 1 to 24 inclusive of this Complaint as if fully set forth.

26.    As a result of the employment relationship which existed between Plaintiff and Defendant, the expressed and implied promises made in connection with that relationship, and the acts, conduct, and communications resulting in these implied promises, Defendant promised to act in good faith toward and deal fairly with plaintiff which requires, among other things, that:

    i. Each party in the relationship must act with good faith toward the other concerning all matters related to the employment;

    ii. Each party in the relationship must act with fairness toward the other concerning all matters related to the employment;

    iii. Neither party would take any action to unfairly prevent the other from obtaining the benefits of the employment relationship;

    iv. Defendant would similarly treat employees who are similarly situated;

    v. Defendant would comply with its own representations, rules, policies, and procedures in dealing with Plaintiff;

    vi. Defendant would not terminate Plaintiff without a fair and honest cause, regulated by good faith on Defendant's part;

    vii. Defendant would not terminate Plaintiff in an unfair manner; and

    viii. Defendant would give Plaintiff's interests as much consideration as it gave its own interests.

27.    Defendant's termination of Plaintiff was wrongful, in bad faith, and unfair, and therefore a violation of Defendant's legal duties. Plaintiff further alleges that Defendant breached the covenant of good faith and fair dealing when it:

     i.Repeatedly refused to abide by its own policies when dealing with Plaintiff;

     ii.Unfairly prevented Plaintiff from obtaining the benefits of the employment relationship;

     iii.Terminated Plaintiff's employment for false reasons and in a manner that was inconsistent with Defendant's stated policies and practices.

28.    Defendant's breach of the covenant of good faith and fair dealing was a substantial factor in causing damage and injury to Plaintiff. As a direct and proximate result of Defendant's unlawful conduct alleged in this complaint, Plaintiff has lost substantial employment benefits and has suffered other losses including loss of reputation, lost wages, and other employee fringe benefits in an amount in excess of $500,000, the precise amount of which will be proven at trial.

29.    As a further direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered extreme anguish, humiliation, and emotional distress, the extent of which is not fully known at this time, but the amount of damages are in excess of $500,000, the precise amount of which will be proven at trial.

30.    WHEREFORE, Plaintiff demands judgment against Defendant and Does One through Fifty, and each of them, as set forth in this complaint.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    For monetary damages against Defendant in an amount sufficient to compensate Plaintiff for loss of income, loss of benefits, loss of use, for emotional distress, and for the injury and damage that Defendant has caused to Plaintiff's name and reputation;

2.    For punitive damages against Defendant in an amount sufficient to deter it from engaging in similar misconduct toward other employees, and to make an example of it to others who may otherwise be inclined to engage in such wrongful conduct;

3.    For costs of suit incurred herein,

4.   For injunctive relief, as the Court may deem proper.

5.   For such other, further relief as the Court may deem proper.

Dated: March 22, 2008

STEPHEN F. HENRY, ESQ.


By: _____
STEPHEN F. HENRY
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES                    7          SUPERIOR COURT CASE NO

1    Plaintiff demands trial by jury in this action.

2  Dated: March 22, 2008

3                                  STEPHEN F. HENRY, ESQ.

4

5                                  By: _____

6                                  STEPHEN F. HENRY
                                   Attorneys for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

1  SEYFARTH SHAW LLP
   Kamili W. Dawson (SBN 193264)
2  Althea V. Bovell (SBN 200240)
   560 Mission Street, Suite 3100
3  San Francisco, California 94105
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Defendant
   UAL CORPORATION
6

7

**ENDORSED FILED**
SAN MATEO COUNTY

JUN 5 - 2008

Clerk of the Superior Court
By _____ C. KANTARIS
      DEPUTY CLERK

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN MATEO

10                 UNLIMITED CIVIL JURISDICTION            **BY FAX**

11  KEVIN SPORER, an individual          )   Case No. CIV 471456
                                         )
12          Plaintiff,                   )   **DEFENDANT UAL CORPORATION'S**
                                         )   **ANSWER TO PLAINTIFF'S**
13      v.                               )   **UNVERIFIED COMPLAINT**
                                         )
14  UAL CORPORATION, a corporation, and  )
    DOES ONE through FIFTY, inclusive    )
15                                       )
            Defendants.                  )
16  _____  )

17      Defendant UAL CORPORATION ("Defendant") on behalf of itself and no others, hereby

18  answers the unverified Complaint of plaintiff KEVIN SPORER ("Plaintiff") as follows:

19      Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies

20  generally and specifically each and every allegation contained in each and every cause of action

21  alleged in Plaintiff's Complaint, and without limiting the generality of the foregoing, denies

22  Plaintiff has been damaged in any amount, or at all, by reason of any act or omission of

23  Defendant.

24              **SEPARATE ADDITIONAL DEFENSES**

25      In further answer to Plaintiff's Complaint, and as separate and distinct additional

26  defenses, Defendant alleges the following defenses. In asserting these defenses, Defendant does

27  not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

28

Def. UAL CORPORATION'S Answer to Unverified Complaint; Case No. CIV 471456

1  Defendant does not presently know all of the facts and circumstances respecting

2  Plaintiff's claims and therefore reserves the right to amend this Answer should Defendant later

3  discover facts demonstrating the existence of additional defenses.

4  ## FIRST DEFENSE

5  ### (Failure to State a Cause of Action – All Causes of Action)

6  Neither Plaintiff's Complaint nor any purported cause of action therein alleged states

7  facts sufficient to constitute claims upon which relief may be granted against Defendant, as

8  Defendant was not at any time, Plaintiff's employer.

9  ## SECOND DEFENSE

10  ### (Statutes of Limitations – All Causes of Action)

11  Plaintiff's causes of action are barred in whole or in part to the extent he commenced this

12  action after the applicable statute of limitations, including, but not limited to the statutes of

13  limitations in California Code of Civil Procedure Sections 335.1, 337, and 339, and 45 U.S.C. §

14  181, *et seq.*

15  ## THIRD DEFENSE

16  ### (No Injury – All Causes of Action)

17  Plaintiff sustained no injury or damages by reasons of any act of Defendant.

18  ## FOURTH DEFENSE

19  ### (Failure to Exhaust Internal Grievance Procedures – All Causes of Action)

20  Plaintiff's causes of action are barred to the extent he failed to exhaust available internal

21  dispute-resolution procedures before filing the Complaint.

22  ## FIFTH DEFENSE

23  ### (Workers' Compensation Preemption – First Cause of Action)

24  Any and all claims by Plaintiff based in whole or in part upon any alleged physical or

25  emotional injury or distress are barred and preempted by the exclusivity provision of the

26  California Workers' Compensation Act.  Cal. Labor Code § 3600, *et seq.*

27

28

2

## SIXTH DEFENSE

### (Legitimate Non-Discriminatory Factors – All Causes of Action)

Plaintiff may not obtain any of the relief requested in his Complaint because any adverse employment action(s) taken against him were based on legitimate, non-discriminatory and non-retaliatory factors.

## SEVENTH DEFENSE

### (Management Discretion – All Causes of Action)

Any and all conduct of which Plaintiff complains, or which is attributed to Defendant, its employees, or agents, was a just and proper exercise of management discretion, and its conduct was at all times privileged and justified, and undertaken for a fair and honest reason.

## EIGHTH DEFENSE

### (Good Faith  – All Causes of Action)

Any actions alleged by Plaintiff to have been made or done by Defendant, and upon which his causes of action are premised, and if made or done, were made or done after investigation and on the basis of reasonable grounds for belief in their truth and correctness, with an honest belief in their truth and correctness, and in good faith and without malice.

## NINTH DEFENSE

### (Failure to Mitigate – All Causes of Action)

Defendant is informed and believes and thereon alleges that by exercise of reasonable efforts, Plaintiff could have mitigated the amount of damages that he allegedly suffered, but Plaintiff failed, and continues to fail, to exercise reasonable efforts to mitigate his damages.

## TENTH DEFENSE

### (Estoppel  – All Causes of Action)

Plaintiff is equitably estopped from asserting the claims alleged in his Complaint because Plaintiff has, by his own conduct, intentionally induced and caused the alleged conduct of which he now complains.

3

1

### ELEVENTH DEFENSE

2

### (Waiver – All Causes of Action)

3

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

4

### TWELFTH DEFENSE

5

### (Consent and Ratification – All Causes of Action)

6

Plaintiff's claims are barred because any conduct by Defendant was ratified or consented

7

to by Plaintiff.

8

### THIRTEENTH DEFENSE

9

### (Failure to State Claim for Punitive Damages – All Causes of Action)

10

Some or all of Plaintiff's causes of action fail to state facts sufficient to constitute a claim

11

for punitive damages against Defendant.

12

### FOURTEENTH DEFENSE

13

### (Punitive Damages Provisions Unconstitutional – All Causes of Action)

14

On their face and as applied to the Complaint, the provisions of Civil Code Sections

15

3294, *et seq.*, violate Defendant's rights under the Due Process Clause of the Fourteenth

16

Amendment of the United States Constitution and/or Article I, section VII of the California

17

Constitution in that, among other things:  (1) the Civil Code provisions are unconstitutionally

18

vague; and (2) the Civil Code provisions do not limit punitive damages to an amount that is

19

constitutionally reasonable or proportionate to any harm caused.

20

### FIFTEENTH DEFENSE

21

### (No Punitive Damages for Good Faith Conduct – All Causes of Action)

22

Plaintiff is not entitled to recover any punitive damages against Defendant for decisions

23

or actions that are contrary to the policies that Defendant instituted in good faith against

24

wrongful or unlawful conduct.

25

### SIXTEENTH DEFENSE

26

### (Failure to State Cause of Action for Attorneys' Fees – All Causes of Action)

27

Plaintiff's Complaint, and each purported cause of action therein, fails to state facts

28

sufficient to constitute a cause of action for attorneys' fees against Defendant.

Def. UAL CORPORATION'S Answer to Unverified Complaint; Case No. CIV 471456

## SEVENTEENTH DEFENSE

### (After-Acquired Evidence – All Causes of Action)

Plaintiff is not entitled to recover any damages to the extent he engaged in any kind of fraud or misconduct which, if known, would have caused him not to be hired or to be suspended or terminated.

## EIGHTEENTH DEFENSE

### (Unclean Hands – All Causes of Action)

Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

## NINETEENTH DEFENSE

### (Same Decision – First Cause of Action)

Even if any employment decision allegedly made by Defendant, or any employment action Defendant allegedly took with respect to Plaintiff is found to have been unlawfully motivated, which Defendant specifically denies, Plaintiff's claims are barred in whole or in part to the extent the decisions and actions would have occurred in the absence of that motivation.

## TWENTIETH DEFENSE

### (Action In Accordance With Applicable Law and Employer Policies — All Causes of Action)

If Defendant engaged in the acts complained of in Plaintiff's Complaint, which it denies, then such acts were privileged, justified and/or taken in accordance with applicable law and/or Defendant's policies and procedures.

## TWENTY-FIRST DEFENSE

### (At-Will Employment — All Causes of Action)

Plaintiff's employment was at-will, pursuant to California Labor Code section 2922, and could be terminated by either party at any time with or without cause.

## TWENTY-SECOND DEFENSE

### (At-Will Employment — All Causes of Action)

Plaintiff's employment was at-will pursuant to express at-will agreements that he signed and/or acknowledged.

## TWENTY-THIRD DEFENSE

### (Parol Evidence — All Causes of Action)

Plaintiff's claims are barred in whole or in part by the Parol Evidence Rule.

## TWENTY-FOURTH DEFENSE

### (Statute of Frauds — All Causes of Action)

Any claims based on any alleged oral agreements or representations are barred in whole or in part by the statute of frauds.

## TWENTY-FIFTH DEFENSE

### (Privilege — All Causes of Action)

Assuming, *arguendo*, that alleged oral or written statements or agreements were made, Plaintiff's purported causes of action are barred in whole or in part to the extent Plaintiff seeks relief based upon any written or oral statements or representations made by Defendant, or its authorized agents or representatives, which may be found to refer to Plaintiff, or Plaintiff's employment, that any and all such statements or representations were privileged as communications made without malice by and between persons having legitimate interest in such matters.

## TWENTY-SIXTH DEFENSE

### (Legal Cause for Terminating Alleged Agreement — All Causes of Action)

Even assuming, *arguendo*, that Plaintiff had an agreement that his employment was not terminable at will, legal cause and/or other business justification existed for terminating the alleged agreement.

## DEFENDANT'S REQUEST FOR COSTS AND ATTORNEYS' FEES

Plaintiff knew or should have known that his claims are without any reasonable basis in law or equity and cannot be supported by good faith argument for extension, modification or

6

1  reversal of existing law. As a result of Plaintiff's filing of this Complaint, Defendant has been

2  required to obtain the services of the undersigned attorneys, and has incurred and will continue to

3  incur substantial costs and attorneys' fees in defense of this meritless case, and Defendant is

4  therefore entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and

5  through this action.

6         WHEREFORE, Defendant prays for judgment as follows:

7      1.    That Plaintiff takes nothing by his Complaint;

8      2.    That the Complaint be dismissed in its entirety, with prejudice;

9      3.    That Defendant be awarded reasonable attorneys' fees, expenses, and costs of suit

10  in an amount to be determined by the Court;

11      4.    That Defendant be awarded interest and all sums provided by law; and

12      5.    Such other and further relief as the Court deems proper.

13  DATED: June ___, 2008         SEYFARTH SHAW LLP

15           By _____

16           Kamili W. Dawson
         Althea V. Bovell

17           Attorneys for Defendant
         UAL CORPORATION

18  SF1 28324473.1

7

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 560 Mission Street, Suite 3100, San Francisco, California 94105. On June 5, 2008, I served the within documents:

### DEFENDANT UAL CORPORATION'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

☐   I sent such document from facsimile machine (415) 397-8549 on _____. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (415) 397-8549 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐   by causing the documents listed above to be personally delivered to the person(s) at the address(es) set forth below by a messenger of Wheels of Justice.

☐   by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at San Francisco, California, addressed as set forth below.

☐   by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Overnite Express envelope with postage paid on account and deposited with Overnite Express at San Francisco, California, addressed as set forth below.

☐   by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Stephen F. Henry
2625 Alcatraz Avenue, No. 615
Berkeley, CA 94705
(510) 898-1883
(510) 295-2516 (facsimile)

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 5, 2008, at San Francisco, California.

_____
Nancy J. Davilla

Proof of Service; Case No. CIV 471456

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Kevin Sporer | UAL Corporation |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Alameda
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Stephen F. Henry (SBN 142336)
2625 Alcatraz Avenue, No. 615
Berkeley, CA 94705
(510) 898-1883

ATTORNEYS (IF KNOWN)
Kamili W. Dawson (SBN 193265)
Althea V. Bovell (SBN 200240)
Seyfarth Shaw LLP
560 Mission Street, 31st Floor
San Francisco, CA 94105

*E-filing*

## II. BASIS OF JURISDICTION    (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES    PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)    AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 167 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury -Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers Liability | **PERSONAL PROPERTY** | [ ] 640 RR & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 650 Airline Regs | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 690 Other | | [ ] 490 Cable/Satellite TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 190 Other Contract | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 196 Franchise | | | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [X] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing | [ ] 535 Death Penalty | | [ ] 871 IRS-Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 540 Mandamus & Other | | | |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 445 Amer w/ disab - Empl | [ ] 555 Prison Condition | | | [ ] 890 Other Statutory Actions |
| | [ ] 446 Amer w/ disab - Other | | | | |

## VI. CAUSE OF ACTION
(CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Diversity Jurisdiction - complete diversity of citizenship exists among the parties.  28 USC § 1332(a)(1).

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE
June 6, 2008

SIGNATURE OF ATTORNEY OF RECORD

/ Althea V. Bovell

COPY

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44**
Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.   (a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.   Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

V.   Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI.   Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.   Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   Related Cases. This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Date and Attorney Signature.

Date and Attorney Signature. Date and sign the civil cover sheet.

American LegalNet, Inc.
www.FormsWorkflow.com