1   SEYFARTH SHAW LLP
    Kamili W. Dawson (SBN 193264) kdawson@seyfarth.com
2   Althea V. Bovell (SBN 200240) abovell@seyfarth.com
    560 Mission Street, Suite 3100
3   San Francisco, California 94105
    Telephone: (415) 397-2823
4   Facsimile: (415) 397-8549

5

    Attorneys for Defendant
6   UAL Corporation

7

    STEPHEN F. HENRY, ESQ. (SBN 142336)
8   2625 Alcatraz Avenue, #615
    Berkeley, CA  94705
9   Telephone: (510) 898-1883
    Facsimile: (510) 295-2516
10  Email: shenry@SHenrylaw.com

11  Attorney for Plaintiff
    Kevin Sporer
12

13                  UNITED STATES DISTRICT COURT

14        IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

15  KEVIN SPORER, an individual          )   Case No.      08-02835 JSW
                                         )
16            Plaintiff,                 )   **JOINT CASE MANAGEMENT**
                                         )   **CONFERENCE STATEMENT**
17       v.                              )
                                         )
18  UAL CORPORATION, a corporation, and  )
    DOES ONE through FIFTY, inclusive    )
19                                       )
20            Defendants.                )
                                         )
21

22  **JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED]**
    **ORDER**
23

24        Pursuant to this Court's Order Setting Initial Case Management Conference and Civil

25  Local Rule 16-9, Kevin Sporer ("Plaintiff" or "Sporer") and defendant UAL Corporation

26  ("Defendant" or "United") (collectively referred to as the "Parties"), by and through their

27  respective counsel, hereby submit the following Joint Case Management Conference Statement

28  and [Proposed] Order.

                                    1
                  _____

1      **1.      Jurisdiction and Service**

2          This case was removed from the Superior Court of California, County of San Mateo

3   based on diversity jurisdiction.  All parties have been served.

4      **2.      A brief description of the events underlying the action:**

5      **According to Plaintiff:**

6          Kevin Sporer, a 20 year veteran of United, involuntarily received an email from a friend.

7   Knowing, and later fully acknowledging, that emails can be risky to open at work, he forwarded

8   the unopened email to his home and emailed his friend to request that the friend refrain from

9   emailing him at work.  Nevertheless, United intercepted the email, which contained a graphic

10  pornographic picture, and terminated Mr. Sporer, ostensibly for forwarding the unopened email

11  to his home.

12          The policies cited to justify Mr. Sporer's termination in bad faith do not support his

13  termination.  United's "People Policies 10" refers to Harassment and Discrimination.  Given

14  that Mr. Sporer immediately forwarded and deleted the "offending" email outside of United

15  without opening it, it is impossible that "People Policies 10" could have been violated in any

16  way.   The policy entitled "Acceptable Use Policy" does not, in any way, limit the receipt of or

17  forwarding of unopened emails from outside of United.  Likewise, no part of the "Information

18  Integrity Policy" pertains to the forwarding of unopened email to a home account.  Likewise, no

19  part of the "Externalization Policy" pertains to the forwarding of unopened email to a home

20  account.  Other policies cited by United do not support Mr. Sporer's termination.  Plaintiff

21  believes that discovery into other terminations by United will reveal that Mr. Sporer is the only

22  employee ever to have been terminated for the forwarding of an unopened email to his home.

23      **According to Defendants:**

24          Plaintiff was hired in March 1986 as an "at-will" employee.  Plaintiff's at-will

25  employment status was expressed in United's People Polices (United's version of an employee

26  handbook) and the Employment Application that Plaintiff executed.  Plaintiff agreed to his at-

27  will employment status and acknowledged it by signing the Employment Application, thereby

28

2

**Joint Case Management Conference Statement**

1  agreeing that either he or United could terminate his employment at any time, with or without

2  cause or notice.

3      On or about August 23, 2007, United's Computer Security Organization notified the

4  company's Managing Director that pornographic material had been sent to Plaintiff at his work

5  email address.  At all relevant times, the computer used by Plaintiff at United was owned by

6  United.  Plaintiff acknowledged that the title of the email, "Amazing oral talent!!!!!!!!", was

7  suspicious, but before he deleted the pornographic email from his work computer, he forwarded

8  the same email, over United's server, to another email address outside of United.  The email

9  contained a very pervasive, pornographic movie of a woman orally copulating a man in various

10  positions, that ran approximately one and a half minutes.  Plaintiff claimed that – instead of

11  immediately deleting the repulsive email pursuant to United's policies – he forwarded the email

12  to his home email address presumably to view at a later point.

13      As a result of the Computer Security Organization notification, an investigation into

14  Plaintiff's email use ensued.  During the investigation, Plaintiff admitted forwarding the email,

15  and acknowledged that he had previously received inappropriate emails on his home computer

16  from the same individual.  Also during the investigation, Plaintiff was required to sign an

17  Acknowledgement of Confidentiality Agreement which prevented Plaintiff from discussing the

18  investigation with anyone except management, or his or United's counsel.  The next day,

19  however, a review of Plaintiff's emails indicated that he sent additional emails regarding the

20  investigation to individuals outside of United, and not involved in the investigation.

21      Plaintiff's conduct was in direct violation of United's policies, including its Information

22  Security Policy for Regulation 5-18, which provides that employees including Plaintiff are

23  strictly prohibited from transmitting data containing obscene material.  Moreover, United

24  maintains a strict, zero-tolerance policy against discrimination and harassment, as well as

25  against conduct that could be deemed to create an hostile work environment.  Plaintiff

26  acknowledged that any violation of United's policies, including unauthorized use or misuse of

27  United's property and systems, would subject him to disciplinary action up to and including

28  ///

3

**Joint Case Management Conference Statement**

1 | discharge.  In addition, Plaintiff violated the Confidentiality Agreement related to the

2 | investigation.

3 |      Plaintiff cannot dispute that he was aware of United's policies, and particularly United's

4 | policies against transmitting obscene or pornographic emails on United's systems.  Indeed, in

5 | October 2002, Plaintiff was counseled for sending an inappropriate email and violating the same

6 | policies at issue here.

7 |      Because of Plaintiff's refusal to adhere to United's policies, his employment was

8 | terminated.

9 | **Principal factual issues in dispute:**

10 | 1)     Whether Plaintiff was an at-will employee.

11 | 2)     Whether Plaintiff had an implied contract of employment absent good cause for

12 | termination.

13 | 3)     If Plaintiff was not an at will employee, whether United had good cause to

14 | terminate Mr. Sporer.

15 | 4)     If Plaintiff was not an at will employee, whether United terminated Plaintiff in

16 | bad faith.

17 | 5)     Whether Defendant's investigation and review procedures with respect to

18 | Plaintiff's termination were fair and complete.

19 | 6)     Whether termination of Plaintiff was pretext to deprive Plaintiff of a contract

20 | benefit to which he was entitled.

21 | **3.**      **The principal legal issues which the parties dispute:**

22 | a.     Whether intercepting an unopened email forwarded to a home account violated

23 | Plaintiff's right to privacy.

24 | b.     Whether intercepting an unopened email forwarded to a home account violated

25 | 18 U.S.C. 2511 pertaining to Interception and Disclosure of Wire, Oral, a or Electronic

26 | Communications.

27 | c.     Whether the wording "I further understand my employment may be terminated

28 | by United Air Lines or by me at any time subject only to applicable requirements of law"

4

**Joint Case Management Conference Statement**

1   constitutes valid language informing an employee of his or her at will status pursuant to *Dore v.*

2   *Arnold Worldwide, Inc.* (2006) 39 Cal. 4th 384 and related cases.

3          d.      Whether the wording "I further understand my employment may be terminated

4   by United Air Lines or by me at any time subject only to applicable requirements of law"

5   constitutes an unmodified contract, as of May 29, 1987, not to terminate Plaintiff absent good

6   cause.

7          e.      Whether Defendant was obligated to perform, and did perform, a fair and

8   complete investigation and review with respect to Plaintiff's termination.

9          f.      Whether Defendant acted with malice, fraud and oppression in terminating

10  Plaintiff.

11         **4.      Motions.**

12         Plaintiff does not anticipate bringing any motions at this time.  Defendant may file a

13  Motion for Summary Judgment, and/or Summary Adjudication of Issues after sufficient

14  discovery has been completed in this matter.

15         **5.      Amendment of Pleadings:**

16         Plaintiff does not anticipate amending the complaint but reserves the right to do so if the

17  discovered facts or other circumstances so warrant.

18         **6.      Evidence Preservation:**

19         Plaintiff has preserved evidence, in paper or electronic form, related to his claims.

20  Defendant has taken steps to preserve evidence relevant to the issues reasonably evident in this

21  action, including preservation of any electronically recorded material.

22         **7.      Initial Disclosures:**

23         By stipulation, the Parties will make the disclosures required by FRCP 26(a)(1) on

24  September 19, 2008.

25         **8.      Discovery:**

26         The discovery dates will be determined by local rules pursuant to the date of trial.

27         The Parties intend to depose the parties and witnesses, as well as propound written

28  discovery, and otherwise conduct discovery, pursuant to the Federal Rules of Civil Procedure,

**Joint Case Management Conference Statement**

1   except as stipulated to by the parties or otherwise ordered by the Court based upon a showing of

2   good cause.  In addition, documents may be subpoenaed from third parties.

3       Stipulated protective orders may be sought as the need arises with regard to financial

4   and/or proprietary files.

5       **9.      Class action:**

6       This case is not a class action.

7       **10.    Related cases:**

8       There are no related cases.

9       **11.    Relief:**

10      Plaintiff seeks compensatory and general damages.  Defendant anticipates challenging

11  Plaintiff's alleged damages on several grounds, including failure to mitigate and Plaintiff's own

12  conduct resulting in his alleged damages.

13      **12.    Settlement and ADR:**

14      Plaintiff agrees to referral to court sponsored mediation or early neutral evaluation.

15  Plaintiff also agrees to private mediation later in the litigation of the case if court sponsored

16  means are unsuccessful.  Defendant agrees to participate in early neutral evaluation.

17      **13.    Consent to Magistrate:**

18      Plaintiff consents to assignment to a United States Magistrate Judge for trial.  Defendant

19  does not consent to a Magistrate Judge, and on June 6, 2008, Defendant filed a Declination to

20  Proceed Before a Magistrate Judge and Request for Reassignment to a United States District

21  Judge.

22      **14.    Other Reference:**

23      The parties do not believe any other reference is necessary at this time.

24      **15**.    **Narrowing of Issues**:

25      Plaintiff expects that any narrowing of the issues will be accomplished through

26  Defendant's anticipated Motion for Summary Judgment, and/or Summary Adjudication of

27  Issues.

28  ///

6

**Joint Case Management Conference Statement**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**16.    Expedited Schedule:**

Plaintiff would welcome any suggestions regarding streamlining of the process but currently does not foresee any specific ways in which it can be streamlined or expedited.

**17.    Scheduling:**

The Parties propose the following schedule for this case:

- Motions pursuant to Fed. R. Civ. P. 56 filed by April 17, 2009.
- Opposition to motions pursuant to Fed. R. Civ. P. 56 filed by June 5, 2009.
- Replies to motions pursuant to Fed. R. Civ. P. 56 filed by June 19, 2009.
- Hearing on motions pursuant to Fed. R. Civ. P. 56 on June 29, 2009
- Non-expert discovery completed by June 5, 2009.
- Expert disclosures by May 29, 2009.
- Rebuttal expert disclosures by June 10, 2009.
- Completion of expert discovery August 21, 2009.
- Trial beginning on September 21, 2009.

**18.    Trial:**

Plaintiff anticipates that the trial will take 5 court days.  Plaintiff has requested trial by jury.  Defendant anticipates that trial will take 7-10 court days.

**19.    Disclosure of Non-party Interested Entities or Persons:**

Plaintiff is unaware of any individual or entity other than the named parties to this action that have either a financial interest in the subject matter of this controversy or in a party to this case or any other kind of interest that could be substantially affected by the outcome of this case.  Pursuant to Civil Local Rule 3-16, as part of its removal papers, Defendant identified the following interested entity:   United Air Lines, Inc., Plaintiff's former employer.

*///*

*///*

*///*

*///*

7

**Joint Case Management Conference Statement**

1

**20.    Other matters:**

2

The parties have no other matters to bring to the Court's attention.

3    Dated: September 5, 2008                                STEPHEN F. HENRY, ESQ.

4

5                                           By:    /s/ Stephen Henry_____
                                                   Stephen F. Henry

6                                                  Attorneys for Plaintiff

7

8    Dated: September 5, 2008

9

10                                          By:    /s/ Althea Bovell_____
                                                   Althea V. Bovell

11                                                 Attorneys for Defendant

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

**Joint Case Management Conference Statement**

1

**CASE MANAGEMENT ORDER**

2

The Case Management Statement and Proposed Order is hereby adopted by the Court as

3

the Case Management Order for the case and the parties are ordered to comply with this Order.

4

IT IS SO ORDERED.

5

Dated: _____                    _____

6

7

U.S. Northern District Court Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

SF1 28333229.1 /

**Joint Case Management Conference Statement**